10-3728-ag (L)
Samad v. Holder

BIA
Chew, IJ
A098 423 145

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of February, two thousand twelve.

PRESENT:
　　　　RICHARD C. WESLEY,
　　　　RAYMOND J. LOHIER, JR.,
　　　　SUSAN L. CARNEY,
　　　　　　*Circuit Judges.*
_____

SHEIKH HASSAN SAMAD,
　　　　*Petitioner,*

　　　　v.　　　　　　　　　　　　10-3728-ag (L);
　　　　　　　　　　　　　　　　　11-1248-ag (Con)
　　　　　　　　　　　　　　　　　NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
　　　　*Respondent.*
_____

FOR PETITIONER:　　　　Thomas V. Massucci, New York, New York.

FOR RESPONDENT:　　　　Tony West, Assistant Attorney General; Linda S. Wernery, Assistant Director; Theodore C. Hirt, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Sheikh Hassan Samad, a native and citizen of Pakistan, seeks review of a March 14, 2011 decision of the BIA, denying his motion to reopen his removal proceedings. *In re Sheikh Hassan Samad*, No. A098 423 145 (B.I.A. Mar. 14, 2011). He also seeks review of an August 25, 2010 order of the BIA, affirming the March 23, 2009 decision of Immigration Judge ("IJ") George T. Chew, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sheikh Hassan Samad*, No. A098 423 145 (B.I.A. Aug. 25, 2010), *aff'g* No. A098 423 145 (Immig. Ct. N.Y. City Mar. 23, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's opinions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009); *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam).

2

In finding Samad not credible, the agency reasonably relied on his previous filing of a fraudulent asylum application in Canada under a false name, as well as the fact that he applied for and received public assistance in Canada under both his true name and alias. Although Samad later admitted to the fraudulent filing before the IJ, he failed to disclose this fact in his asylum application. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166 n.3 (2d Cir. 2008); *see also Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007).

Having found Samad not credible, the agency reasonably noted that his failure to provide additional corroborative evidence further undermined his credibility. *See* 8 U.S.C. § 1158(b)(1)(B)(ii). Although Samad argues that the agency improperly "conflat[ed] corroboration with credibility," we have recognized that an applicant's failure to corroborate his or her testimony may bear on credibility, either because the absence of particular corroborating evidence is viewed as suspicious, or because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam).

3

Here, because Samad's credibility had already been called into question, the agency reasonably relied on Samad's failure to provide additional corroborating evidence, such as medical records from his and his brother's beatings, which allegedly resulted in three and five day hospital stays respectively.

Because the agency's adverse credibility determination is otherwise supported by substantial evidence, even if we were to credit Samad's assertion that the inconsistency in the record concerning the date of his brother's beating was a result of his counsels' errors, remand would not be necessary. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 182 n.3 (2d Cir. 2004). Similarly, because the agency's adverse credibility determination is a valid alternative basis for the denial of asylum, we decline to reach Samad's claim that the untimely filing of his asylum application was the result of his counsels' ineffective assistance. Even assuming that Samad is correct, he is unable to show that he was prejudiced as a result of his counsels' errors, as the agency found that he was not eligible for a grant of asylum due to his lack of credibility, even if his application had been timely filed. *See Rabiu v. INS*, 41 F.3d 879, 882-83 (2d Cir. 1994).

4

Lastly, the BIA did not abuse its discretion in denying Samad's motion to reopen his removal proceedings. In order to prevail on a claim of ineffective assistance of counsel, a movant must show that competent counsel would have acted otherwise, and that he was prejudiced by his counsels' performance. *See Rabiu*, 41 F.3d at 882-83; *Esposito v. INS*, 987 F.2d 108, 111 (2d Cir. 1993). "[T]o show that his attorneys['] failure to file caused him actual prejudice, [Samad] must make a prima facie showing that he would have been eligible for the relief and that he could have made a strong showing in support of his application." *Rabiu*, 41 F.3d at 882. Here, the denial of the motion to reopen was not an abuse of discretion because, as the BIA noted, even taking Samad's allegations concerning his counsels' deficient performance as true, he failed to show that he was *prima facie* eligible for a grant of asylum in light of the agency's underlying adverse credibility determination.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

5

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk